Argued and submitted February 28, affirmed June 24, 1992

# STATE OF OREGON,
*Appellant,*

*v.*

# GARY EDMOND HUBBARD,
*Respondent.*

(90CR-0771FE; CA A68601)

833 P2d 1313

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were

Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Jesse Wm. Barton, Deputy Public Defender, Salem, argued the cause for respondent. With him on the brief was Sally L. Avera, Public Defender, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

De MUNIZ, J.

## De MUNIZ, J.

The state appeals an order suppressing statements made by defendant in a pre-sentence investigation (PSI) interview. ORS 138.060(3). We affirm.

Defendant was arrested and charged with sexual abuse in the first degree, ORS 163.427, and unlawful sexual penetration in the first degree. ORS 163.411. The victim was defendant's two-and-a-half-year-old stepdaughter. Pursuant to a plea agreement, defendant entered a guilty plea on the sexual abuse charge. The state agreed to dismiss the sexual penetration charge, to recommend probation with counseling and to recommend no more than 60 days in jail as a condition of probation. The state requested a PSI. After advising defendant that, by pleading guilty, he was waiving his right against self-incrimination, the court ordered a PSI.

Hess, a probation officer, conducted the PSI. In the first interview, defendant initially denied his guilt. Hess then informed defendant that he would be unable to make a "positive recommendation" without an admission of guilt. Defendant responded, "Well, I guess I did it." In two other statements, defendant admitted to Hess that he had inserted his finger into the victim's vagina.

Defendant moved to withdraw his guilty plea, and the court granted that motion. The case was set for trial. Defendant then moved to exclude all statements that he had made to Hess. The court granted the motion. The state appeals.

ORS 135.445 provides:

"(1)   A plea of guilty or no contest which is not accepted or has been withdrawn shall not be received against the defendant in any criminal proceeding.

"(2)   No statement or admission made by a defendant or the attorney of the defendant *during any proceeding relating to a plea of guilty* or no contest which is not accepted or has been withdrawn shall be received against the defendant in any criminal proceeding."

OEC 410 restates the statute in virtually identical language.[1] The issue is whether defendant's statements were made

---

[1] OEC 410 provides:

"during [a] proceeding relating to a plea of guilty." ORS 135.445(2).

■ The state first argues that defendant's statements were not made during a "proceeding," because they did not occur in court, a defendant is not obliged to speak to a PSI investigator and "[t]he adversary system does not carry over into PSI interviews." We disagree. ORS 131.005(7) defines a criminal proceeding, as used in sections 1 to 311, Oregon Laws 1973, chapter 386, as "any proceeding which constitutes a part of a criminal action or occurs in court in connection with a prospective, pending or completed criminal action."[2] ORS 131.005(7) makes it clear that a criminal proceeding is not restricted to the courtroom, but includes events outside the courtroom so long as they are "part of a criminal action." The PSI was ordered by the court at the state's request. It was part of a criminal action. Given the definition of "criminal proceeding" and the context in which the word "proceeding" is found in ORS 135.455(2), we have no doubt that preparation of a PSI is part of a criminal proceeding.

■ The state next argues that, even if the PSI is part of a criminal proceeding, defendant's statements do not relate to a guilty plea but instead relate only to sentencing. The state requested the PSI as a part of the plea agreement. The court ordered the PSI and, by informing defendant that he no longer enjoyed the right against self-incrimination as a result of his guilty plea, made it clear that defendant was expected to cooperate in the PSI. Under the circumstances, defendant's statements were made as a part of the plea agreement and thus related to his guilty plea.

■ We also observe that ORS 135.435(1)(c) excludes from a criminal defendant's trial any statement made by a

"(1) A plea of guilty or no contest which is not accepted or has been withdrawn shall not be received against the defendant in any criminal proceeding.

"(2) No statement or admission made by a defendant or the attorney of the defendant during any proceeding relating to a plea of guilty or no contest which is not accepted or has been withdrawn shall be received against the defendant in any criminal proceeding."

[2] Or Laws 1973, ch 836, § 175, is codified as ORS 135.455.

defendant or the defendant's attorney to the district attorney as part of a plea discussion or agreement. Those kinds of discussions generally take place out of the courtroom in a variety of contexts. Statements to prosecutors by defendants or their attorneys in the context of a plea discussion or plea agreement can occur both before and after a guilty plea has been entered. It would be particularly absurd for the legislature to intend to exclude those statements from a trial but also to intend that statements made during a PSI ordered by the court at the prosecutor's request as part of a plea agreement be admissible after a guilty plea has been withdrawn. We decline to read ORS 135.455 to achieve that result. *State v. Linthwaite*, 295 Or 162, 170, 665 P2d 863 (1983). The trial court correctly ordered that defendant's statements be suppressed.

Affirmed.